UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-306-CRS-CHL

**LORI M. BROWNSTEIN,**                                                             **Plaintiff,**

v.

**CUSTOM BIOGENIC SYSTEMS, INC., et al.,**                       **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion of Plaintiff Lori M. Brownstein ("Brownstein") for an extension of time to file an expert witness report (DN 35). Defendant Custom Biogenic Systems, Inc. ("CBS") filed a response; Brownstein filed a reply; and, with the Court's permission, CBS filed a sur-reply. (DN 37, 38, 42.) This matter is ripe for review. For the following reasons, Brownstein's motion for an extension is **denied without prejudice**.

**BACKGROUND**

This action arises out of an accident in the workplace. Brownstein alleges that in the course of her employment, she was struck in the head by the lid of a liquid nitrogen tank or freezer located at an American Red Cross location in Louisville, Kentucky. CBS concedes that it is the designer and manufacturer of the freezer. Brownstein alleges that CBS negligently designed and manufactured the freezer.

The existing deadline for Brownstein to file an expert report was September 24, 2015. (*See* DN 30.) The Court has extended this deadline multiple times. (*See* DN 18, 30, 31.) The Court entered an order on July 10, 2015 that reset the deadline for Brownstein's expert report to September 24, 2015 and required the parties "to perform an inspection of the premises, including the equipment [that Brownstein] was using at the time of the alleged injury[ and] file a joint

status report advising the Court of the outcome of the inspection." (DN 31.) On August 28, 2015, the parties filed a joint status report (DN 33), informing the Court that they conducted an inspection of the freezer on August 18, 2015. The parties further stated, "[a]ll expert reports will be filed in accordance with the Court's Order of July 10, 2015." (DN 33.) On September 24, 2015, the very day of the deadline for Brownstein to file an expert report, she instead filed the instant motion seeking an additional extension of 90 days.

In her motion for extension, Brownstein avers that her "engineering expert," Scott Jones, participated in the August 18, 2015 inspection of the freezer. She states that Jones went out of town following the inspection, and that when her counsel spoke to Jones in early September, Jones planned to "find like models to do a comparison of freezers," but that he was unable to do so "due to the uniqueness of the [CBS] freezer." (DN 35 at 1.) Brownstein states that her counsel requested that Jones produce a report, but that Jones stated that the documentation produced by CBS in response to Brownstein's discovery requests was insufficient to permit him to produce a report. (*Id.*) She further states that "after the inspection of the freezer, it was made evident that Plaintiff may be in need of an additional consultant." (*Id.*) Further, Brownstein represents that CBS did not produce certain documents in response to her discovery requests until September 23, 2015, the day before the deadline for Brownstein's expert report. Brownstein states that a 90-day extension is necessary in order to allow her counsel to retain a new "consultant" and obtain a report from him or her. (*Id.* at 2.)

CBS filed a response in opposition (DN 37). CBS notes that it did not object to two previous requests for extensions of this deadline. CBS contends that on July 8, 2015, more than a month before the August 18, 2015 inspection, it produced to Brownstein discovery responses

2

"that armed [her] with everything she and her expert needed[1] to conduct a productive inspection and prepare a report by [the] September 24, 2015" deadline. (*Id.* at 3.) In response to Brownstein's assertion that she did not have in her possession all of the documents she needed to produce a timely expert report, CBS concedes that it did not produce "select confidential documents" prior to the inspection, but contends that the sole reason for the lack of production was "Plaintiff's failure to timely sign an agreed upon confidentiality agreement." (*Id.* at 3-4.) In any event, CBS argues, the documents that had not yet been produced were irrelevant to Brownstein's expert report. Finally, CBS argues that the blueprints that it produced on September 23, 2015, the day before Brownstein's deadline, were not within the scope of the discovery requests upon which Brownstein relies as evidence of having requested the blueprints. CBS contends that Brownstein has not articulated how the absence of these documents prevented her timely filing of an expert report.

In her reply (DN 38), Brownstein provides background information regarding the inspection. She states that the parties previously agreed that the inspection would be arranged by counsel in a parallel worker's compensation action in state court, but that due to delays in those arrangements, she agreed to the August 18, 2015 inspection date with the inspection to be conducted by her expert, Mr. Jones. She further contends that she was unable to timely produce an expert report because on the date of the inspection, due to the freezer's sensitive contents, her expert was not able to empty the container or remove allegedly defective hinges. Further, Brownstein argues, it was not until the date of the inspection that her expert learned of the

---

[1] CBS states that it produced the following: "pictures of the freezer, manuals and brochures about the freezer, warnings and other labels from the freezer, the names of people knowledgeable about the freezer, and confirmation that [] (1) the freezer was sold by CBS to Red Cross, (2) the freezer had never been recalled, (3) the freezer has never been involved in litigation regarding its safety, and (4) the freezer was functioning properly when delivered and continues to function properly and remain in service." (DN 37 at 3.)

3

"uniqueness" of the freezer, and that uniqueness prevented him from later finding a suitable comparator that he could "fully inspect." (DN 38 at 2.) Brownstein claims that CBS has no way to back up its claim that the blueprints and the documents that it produced on the eve of the inspection were immaterial to her expert's report.

After receiving permission from the Court (DN 41), CBS filed a sur-reply (DN 42). CBS contends that Brownstein's reply contains no new information, and specifically, that it lacks any explanation as to "why Plaintiff did not use the CBS freezer documents she received on July 8 in order to prepare for the August 18 inspection, how the documents received on September 22 are instrumental to an expert report, [or] what interrogatory or request for production elicited the freezer blueprints," or "what information is contained in those blueprints that are instrumental to her expert's report." (DN 41 at 1.)

## DISCUSSION

This matter has been referred to the undersigned Magistrate Judge for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and disposition of all non-dispositive matters, including discovery issues. (*See* DN 12, 23.) Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). On the record before the Court at this time, the Court cannot conclude that good cause exists that would support extending the existing deadline for Brownstein to file her expert report.

The Court has already extended the relevant deadline multiple times. Moreover, Brownstein did not file the instant request for an additional extension until the very day of the existing deadline. This is so in spite of Brownstein's expert having inspected the freezer *more*

4

*than one month before the deadline* and the parties having filed a joint status report *nearly one month before the deadline* in which they informed the Court that the inspection had taken place and that "[a]ll expert reports [would] be filed in accordance with [the existing scheduling order]." (DN 33.)

Additionally, Brownstein and her expert may well have been able to obtain at least some information regarding the freezer's specifications and been able to identify potential comparators based on the documents produced by CBS in July 2015. At the very least, Brownstein could have informed counsel for CBS and, if necessary, the Court, well in advance of the existing deadline of her expert's belief that the inspection was inadequate to allow him to complete a timely report. Instead, Brownstein joined CBS in a report informing the Court that she would have no trouble meeting the existing deadline.

The Court agrees with CBS that the interrogatory and request for production that Brownstein claims should have prompted CBS to produce the freezer blueprints did not obligate CBS to turn over the blueprints. Specifically, Brownstein's Request for Production No. 8 sought "any and all plans, specifications, blueprints or other drawings or documents as referenced in Interrogatory No. 24." (DN 37-1 at 19.) In turn, Interrogatory No. 24 asked, "Have you or any other person or entity repaired, altered, or otherwise changed the design or specifications of the product from the date of manufacturing to the date of the incident?" (*Id.* at 12.) The interrogatory continued by requesting the name and address of the person who made the repair or alteration, relevant dates and other details, and sought "legible cop[ies] of . . . plans, specifications, blueprints, drawings or documents" if the change was displayed on such documents. (*Id.* at 13.) In response to Interrogatory No. 24, after stating an objection based on

5

admissibility of evidence of subsequent remedial measures, CBS stated that it "has not repaired, altered, or otherwise changed the design" of the freezer model at issue in this case. (*Id.*; *see also id.* at 19 (responding to Request for Production No. 8 by incorporating its objections to Interrogatory No. 24).) In short, CBS responded to the discovery requests at issue by stating that it had no responsive documents in its possession. Accepting this statement as true, CBS was not required to produce the subject blueprints at the time that it responded to Brownstein's discovery requests.

However, even if the blueprints were within the scope of those discovery requests, Brownstein has failed to articulate how earlier production of the blueprints would have assisted her expert in producing a report in advance of the deadline. The same is true of the documents that were withheld by CBS for some time on the basis of confidentiality: it is unclear how earlier possession of such documents might have led Brownstein's expert to produce a report in compliance with the deadline. In short, the Court concludes that on the current record, good cause does not exist to extend the deadline for Brownstein's expert report. Brownstein has not shown that her failure to meet the deadline was influenced by CBS.

Nevertheless, the Court further notes that several months have elapsed since the motion for extension was filed. It is possible that Brownstein's existing expert has been able to further develop his opinion or that Brownstein has been able to identify a new expert. It is conceivable that Brownstein could provide explanations for the shortcomings outlined above that would be sufficient to support a *brief* extension of the expert deadline. For those reasons, the Court will deny the motion without prejudice.

Accordingly, IT IS HEREBY ORDERED that Brownstein's motion for extension (DN 35) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that counsel for Brownstein and CBS shall confer regarding whether they believe a telephonic status conference and/or a settlement conference would be beneficial at this time. **No later than May 6, 2016**, counsel shall contact Case Manager Theresa Burch at theresa_burch@kywd.uscourts.gov to notify her of their conclusions regarding the same.

cc: Counsel of record